PER CURIAM.
This is the second time that Mr. McKen-na has appealed to this court from rules rejecting his demands for reduction of child support. See McKenna v. Steen, 422 So.2d 615 (La.App. 3d Cir.1982), writ refused, 429 So.2d 157 (La.1983), for the facts at that time and our conclusion that when the husband sold his lucrative dental practice and enrolled in law school, he was not in good faith, but instead was simply attempting to find a way to reduce his child support payments.
The only changes in circumstances since the 1981 judgment are that the husband has been graduated from law school, his considerable assets have been depleted somewhat by reason of giving up his dental practice and attending law school while continuing to pay child support, and some of his rental property has decreased in value and revenue.
We have carefully reviewed the record and agree fully with the trial judge, who found that such changes mainly resulted from Mr. McKenna voluntarily quitting his dental practice. In addition, the record discloses that he has no intention of performing any gainful work for at least a year. Instead he plans to reside in Poland for a large part of his time in the future, without any real prospect of employment and income.[1]
For these reasons, we adhere to the same opinion as expressed in our previous decision, that the appellant continues to be in bad faith, merely changing his occupation and life-style to avoid paying the child support to which he originally agreed; and that he now would be well able to pay such support in the future if he continued to work in the profession for which he has been trained. Affirmed at appellant’s cost. Annexed hereto as an appendix is a copy of the trial judge’s reasons for judgment, with which we agree.
AFFIRMED.
*877 APPENDIX
DOCKET NO. 79-40849-E
15TH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, LOUISIANA MINUTE ENTRY
This matter came before the court as a motion by Thomas McKenna to reduce the amount of child support he pays each month to Barbara Steen on behalf of their four (4) minor children. Barbara Steen filed an exception of res judicata in response to this, as well as a motion to increase child support. This Court denied the exception of res judicata from the bench and, herein, re-affirms this decision.
In considering the motion to reduce child support, the Court notes that some of Thomas McKenna’s assets have been depleted and that others have depreciated in their value some what. However, this change in circumstances is largely a result of Mr. McKenna voluntarily quitting his dental practice. In 1981, this Court denied a request brought by Mr. McKenna to reduce child support concluding that he can not escape his obligation of support merely because he chooses not to work. The Third Circuit affirmed this ruling and further styled Mr. McKenna’s actions in quitting his practice as done in bad faith. Despite the change in Thomas McKenna’s circumstances, this Court is constrained by its ruling in 1981 and the decision of the Third Circuit affirming this ruling. McKenna v. Steen 422 So.2d 615 (La. 3rd Cir.1982). The motion to reduce child support is, therefore, denied.
Barbara Steen filed a motion to increase child support. At this time the Court considers the amount of $1,600.00 per month to be proper. Accordingly, the motion to increase child support is denied.
Additionally, at the hearing counsel for Thomas McKenna requested that the child support be subdivided equally per child. It is hereby ordered that Thomas McKenna pay to Barbara Steen a total of ONE THOUSAND, SIX HUNDRED AND NO/100 ($1,600.00) DOLLARS per month as child support in equal portions of $400.00 per child.
Court costs to be paid by plaintiff in rule, Thomas McKenna.
Judgment in accordance with the foregoing will be signed upon presentation.
Lafayette, Louisiana this 25 day of October, 1984.
/s/ Allen M. Babineaux DISTRICT JUDGE

. Mr. McKenna argued in his own behalf at oral argument and made certain declarations to the court. Although these declarations are outside of the record, we will state that they do not change our view of this case. Mr. McKenna asserted before us that his interest in residing in Poland at any time had flagged and was, to use his words, "out.” He also asserted that he is now engaged in the practice of dentistry and to some extent in the practice of law. We decide the case on the basis of the record.